■ PAMELA DARRAH, an Infant, by CARL DARRAH et al., Her Parents, et al., Appellants, v HOME INDEMNITY COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered September 7, 1982 in Clinton County, which granted defendant's motion for summary judgment dismissing the complaint. On August 16, 1977, the infant plaintiff herein, Pamela Darrah, was seriously injured in an accident while riding as a passenger in an automobile owned and operated by one Jayne Edwards of Mayfield, New York. Defendant Home Indemnity Company was the insurer of Jayne Edwards and, as such, had provided her with the necessary no-fault insurance coverage with limits of $50,000. In the instant action, commenced in October of 1981, plaintiffs sought a recovery based upon defendant's alleged wrongful conduct and bad faith in withholding benefits due plaintiffs and denying plaintiffs' claim for benefits. Special Term ultimately granted defendants motion for summary judgment dismissing the complaint and the present appeal ensued. We hold that the challenged judgment should be affirmed and, in so ruling, note that it is uncontested that defendant paid the medical bills incurred on behalf of the infant plaintiff and, in June of 1979, made its final payment to plaintiffs, thereby exhausting the full $50,000 coverage. Moreover, from a reading of subdivision 1 of section 671 of the Insurance Law, it is certainly questionable whether the cost of renovating plaintiffs' residence to accommodate the infant plaintiff, who is now a paraplegic, was a covered expense under Jayne Edwards' insurance policy. That being so, defendant's action in contesting coverage for such costs plainly does not provide a sufficient basis for plaintiffs' action premised upon alleged wrongful conduct and bad faith on the part of defendant, and the complaint was properly dismissed for failure to state a cause of action (CPLR 3211, subd [a], par 7). Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.